UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 21, 2018

LETTER TO COUNSEL

RE: *Sheila M. Marshall v. University of Maryland Medical Center*,
Civil No. TDC-17-2779

Dear Counsel:

This matter has been referred to me for discovery disputes and related scheduling matters. [ECF No. 16]. Defendant filed a Motion to Compel Plaintiff's Discovery Responses and Request for Attorneys' Fees on July 19, 2018. [ECF No. 12]. This Court granted in part and denied in part Defendant's Motion, inviting the parties to supplement their briefing regarding whether an award of attorneys' fees and expenses is appropriate. [ECF No. 20]. Defendant filed a Supplemental Brief in Support of its Motion to Compel Adequate Discovery Responses and for Attorneys' Fees, seeking $13,454.00 in attorneys' fees. [ECF No. 23]. Plaintiff opposed the Motion. [ECF No. 25]. Defendant filed a Reply to Plaintiff's Opposition, revising the amount sought from Plaintiff to $12,964.00. [ECF No. 27]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, this Court orders Plaintiff to pay certain expenses to University of Maryland Medical Center.

Federal Rule of Civil Procedure 37(a)(5)(C) provides that, where a motion for an order compelling discovery is granted in part and denied in part, a court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." In this case, I do not find an award of $12,964.00 to be reasonable, and I will exercise my discretion to award a lesser amount.

The Fourth Circuit has not adopted a specific analytical approach to determining "reasonable expenses" under Rule 37. *See Poole v. Textron*, 192 F.R.D. 494, 507 (D. Md. 2000). However, courts in this jurisdiction have applied the analysis used for disputes under Federal Rule of Civil Procedure 11 because "Rule 37, much like Rule 11, is designed to deter future misconduct during discovery." *See Gordon v. New England*, 168 F.R.D. 178, 180 (D. Md. 1996). The Rule 11 factors that a district court considers are: "(1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors related to the severity of the Rule 11 violation." *Id.* (citing *Brubaker v. City of Richmond*, 943 F.2d 1363, 1374 (4th Cir. 1991)).

After considering these factors, I find that the requested amount is highly disproportionate to Ms. Marshall's partially deficient responses to the discovery requests. The overbroad nature of UMMC's original request for documents, the partial nature of its victory, and Ms. Marshall's limited financial resources all mitigate in favor of a much lower award. Instead, this Court notes that UMMC requested, and Ms. Marshall agreed to, a bifurcated deposition to allow Ms. Marshall to be questioned after the belated discovery productions. [ECF No. 25]. Accordingly, this Court finds it reasonable to order Ms. Marshall to pay UMMC an amount equivalent to the expenses, not including attorneys' fees that UMMC will incur, for her second deposition. That amount should be determined after the second deposition has been held. If a dispute arises as to the calculation of that amount, the parties should raise the issue by letter to the Court.

Rule 37(a)(5)(A) allows for awards to be made against either the party or the party's attorney. In Maryland, "an award ought to be made against the attorney only when it is clear that discovery was unjustifiably opposed principally at his instigation." *Humphreys Exterminating Co., Inc. v. Poulter*, 62 F.R.D. 392, 395 (D. Md. 1974). Here, it is not clear whether the deficient discovery responses are attributable to Ms. Marshall, her counsel, or both. Furthermore, the Notes of the Advisory Committee to Rule 37 note that the indigence of a client is not sufficient to impose such expenses on the attorney. *See* Fed. R. Civ. Proc. 37, Notes of Advisory Committee on 1970 Amendments. Thus, this Court will not require Ms. Marshall's counsel to pay the expenses indicated above.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge