# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SHEILA M. MARSHALL, | * |
| Plaintiff, | * |
| v. | * Civil Case No. TDC-17-2779 |
| UNIVERSITY OF MARYLAND MEDICAL CENTER, | * |
| Defendant. | * |

## REPORT AND RECOMMENDATIONS

This matter has been referred to me for discovery disputes and related scheduling matters. ECF 16. This Report and Recommendations addresses Plaintiff Sheila M. Marshall's ("Marshall") failure to comply with this Court's August 6, 2018 Order, granting in part Defendant University of Maryland Medical Center's ("UMMC") Motion to Compel. ECF 20. I have reviewed Marshall's Response to this Court's Show Cause Order, UMMC's Status Report, Marshall's Amended Response to this Court's November 15, 2018 Order, and UMMC's Reply. ECF 35, 37, 40, 41. In its Reply, in accordance with the stated intent in the Show Cause Order, ECF 34, and the November 15, 2018 Order, ECF 38, UMMC requests that Marshall be precluded from presenting evidence relating to any mental health conditions at trial. ECF 41. I will construe UMMC's Reply as a Motion for Sanctions and, because UMMC seeks a dispositive sanction as to one component of Plaintiff's claims, will address the request in the form of a Report and Recommendations to Judge Chuang. No hearing is deemed necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons stated below, I recommend that Judge Chuang preclude Ms. Marshall from presenting evidence relating to any mental health conditions at trial.

**I.      BACKGROUND**

On September 19, 2017, Marshall filed suit against her former employer, UMMC, alleging disability discrimination, failure to accommodate, retaliation, and wrongful discharge, in violation of the Americans with Disabilities Act of 1990, as amended 42 U.S.C. § 12101 et seq. (ADA), Maryland's Fair Employment Practices Act, Md. Ann. Code (1957, 2003 Repl. Vol.) Art. 49B §§ 7, 16, and Maryland's common law of wrongful discharge. ECF 1 ¶ 1. Marshall worked as a Senior Clinical Nurse I at UMMC from September 10, 2009, through her termination on April 12, 2017. *Id.* ¶¶ 5, 7, 10. According to Marshall, on July 8, 2014, she "sustained an on the job injury to her back while she was restraining a combative patient[,] causing her to become physically impaired." *Id.* ¶ 11. As a result of her injury, Marshall filed a worker's compensation claim, and also alleges that she developed: (1) depression due to the pain and suffering and subsequent lifestyle changes; and (2) psychiatric trauma stemming from UMMC's "harassment, increase [sic] manipulation, and retaliatory behavior . . . ." *Id.* ¶ 11.

According to Marshall, after a "few weeks of absence," she returned to work in the Medical Intermediate Care Unit, subject to light duty work restrictions ordered by her doctor. *Id.* ¶ 12. The Unit's Nurse Manager, Ruth Borkoski, however, informed Marshall that "she did not had [sic] a continuous light duty position on the unit," and Marshall was transferred to the Bariatric Surgical Office in a non-nurse position. *Id.* Marshall alleges that after "complaining of unwelcoming behavior by one of her coworkers," she was then reassigned to the Liver Transplant Department ("LTD"). *Id.* Marshall alleges that UMMC subjected her to a hostile work environment upon returning to work, failed to properly train her for work in the LTD, and failed to accommodate her medical restrictions. *Id.* ¶ 13. For instance, Marshall alleges that, despite being aware that cold temperatures "interfered with [her] injuries," the LTD Manager moved Marshall's work station

"where the air conditioner would blow directly on [her]" and "intentionally ignored [Marshall's] request to adjust the temperature. *Id.* ¶ 15. Moreover, Marshall contends that, in September 2015, her orthopedic surgeon prescribed her a standing desk, ergonomic chair, and a headphone set, but UMMC failed to provide said equipment for more than six months. *Id.* ¶ 16.

Thereafter, on September 28, 2015, Marshall was transferred to a Case Management Department/Utilization Review position, where Marshall alleges she continued to be subjected to a hostile work environment. *Id.* ¶ 17. According to Marshall, on May 27, 2016, she was involuntarily placed on leave until January 13, 2017, when she was cleared to return to a Nurse Audit position, beginning on February 6, 2017. *Id.* ¶¶ 18-19. Prior to returning, however, Marshall contends that UMMC: (1) informed her that the Nurse Audit position was no longer available; (2) failed to identify any other positions that accommodated her medical restrictions; and (3) involuntarily terminated her on April 12, 2017. *Id.* ¶ 19. In addition to injunctive relief, reinstatement, economic losses resulting from unlawful termination, attorneys' fees and costs, and punitive damages, Marshall seeks damages as a result of "mental anguish" allegedly caused by UMMC, in the amount of $300,000. *Id.* at 9-10.

UMMC sought discovery regarding Marshall's medical history. On July 19, 2018, UMMC moved to compel Responses to its Requests for the Production of Documents, including all medical records from the date of Marshall's eighteenth birthday through the present. ECF 12. On August 6, 2018, this Court granted UMMC's motion to compel in part, ordering Marshall to produce medical records from every health care provider from whom she has sought medical treatment of any type, for the limited time period of July 8, 2009, to the present. ECF 19, 20. Marshall refused to sign the Health Insurance Portability and Accountability Act ("HIPAA") release forms for some of the compelled records, leaving UMMC unable to obtain certain mental health records it

3

requested. ECF 32, 33, 37. As a result, on October 23, 2018, this Court ordered Marshall to show good cause why she had not signed the HIPAA release forms. ECF 34. The Show Cause Order stated that a "[f]ailure to show cause may result in a recommendation to the district judge to preclude Plaintiff from presenting certain categories of damages at trial." *Id.* Marshall responded that the HIPAA releases "seek[] inadmissible evidence, private/privileged/confidential information involving another active Worker's Compensation court case with University of Maryland Medical Center," and that Marshall "is concerned with breach of protective and confidential order from the Defendants due to another consecutive court case with University of Maryland Medical Center (University of Maryland Medical System) and bad faith of history from Defendant's legal representatives." ECF 35-1.

On November 15, 2018, this Court noted Marshall's refusal to sign a HIPAA release for the mental health records, and warned Marshall that her continued refusal to authorize release would cause this Court to recommend to Judge Chuang that Marshall be precluded from presenting evidence relating to any mental health conditions at trial. ECF 38. While UMMC acknowledged that Marshall had requested some records from the medical provider in question, Marshall had "strictly limited her document request from August 2014 to May 2016." ECF 41 ¶ 7; ECF 42. On November 27, 2018, Marshall maintained her position that she would not sign the HIPAA release forms "because she believes she produced all of her mental health records through counsel," and that she "believes she has substantially complied with [UMMC's] discovery requests." ECF 40 ¶¶ 9-10. As a result, UMMC requests that this Court recommend to Judge Chuang that Marshall be precluded from presenting evidence relating to any mental health conditions at trial, in accordance with the intent stated in the October 23, 2018 Show Cause Order and the November 15, 2018 Letter to Counsel. ECF 41 ¶ 16.

4

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 37(b)(2)(A), "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." The Court has broad discretion to select any of the sanctions listed in Federal Rule 37(b)(2)(A), including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." "Rule 37(b)(2) gives the court a broad discretion to make whatever disposition is just in the light of the facts of the particular case." 8B Charles Alan Wright, et al., *Federal Practice & Procedure* § 2289 (3d ed. 2018).

When determining which of the Rule 37 sanctions is appropriate, courts in the Fourth Circuit consider four factors: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *S. States Rack and Fixture, Inc. v. Sherwin-Williams, Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (quoting *Anderson v. Found. for Advancement, Educ. and Emp't of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998)) (internal quotation marks omitted). The presence or absence of any one of these factors is not dispositive. *See Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 533 (D. Md. 2010).

## III. ANALYSIS

UMMC asks this Court to preclude Marshall from offering evidence relating to any mental health conditions at trial, in accordance with this Court's October 23, 2018 Show Cause Order and November 15, 2018 Letter to Counsel. ECF 41 ¶ 16. UMMC maintains that it is "substantially prejudiced by Ms. Marshall's discovery failures, because it is left without information reasonably

5

necessary to challenge Ms. Marshall's claim for damages related to alleged mental distress." *Id.* ¶ 13. I agree.

Precluding evidence typically requires some strong evidence of prejudice. *Bethesda Softworks LLC v. Interplay Entm't Corp.*, No. DKC-09-2357, 2011 WL 1559308, at *6 (D. Md. Apr. 25, 2011). "Preclusion is a harsh sanction preserved for exceptional cases where . . . a party's failure to provide the requested discovery results in prejudice to the resulting party." *Passlogix, Inc. v. 2FA Tech., LLC*, 708 F. Supp. 2d 378, 421 (S.D.N.Y. 2010). Here, UMMC will undoubtedly face prejudice as a result of Marshall's non-compliance with this Court's discovery Order. UMMC cannot fully defend against Marshall's claims, and adequately prepare for a possible trial, without being able to access Marshall's medical records relevant to her mental health claims.

After considering both parties' positions, and limiting UMMC's request, this Court compelled Marshall to "produce medical records and identify each and every health care provider from whom she has sought medical treatment of any type . . . from July 8, 2009 to the present." ECF 19 at 8. Marshall was employed by UMMC from September 10, 2009 through April 12, 2017. ECF 1 ¶¶ 7, 10. She alleges that she developed "psychiatric trauma from being subjected to harassment, increase manipulation [sic], and [retaliation] while working for [UMMC]." *Id.* ¶ 11. As this Court noted in the Memorandum granting UMMC's Motion to Compel in part, "because Marshall has placed her mental condition in issue, [UMMC] is entitled to discovery regarding her medical treatment and mental health records." ECF 19 at 7 (citing *Coffin v. Bridges*, 72 F.3d 126 (4th Cir. 1995) (unpublished) (affirming a district court's dismissal with prejudice as a sanction for the plaintiff's refusal to produce certain mental health care records, because, in seeking damages for mental anguish, the plaintiff placed his mental condition in issue, making the

records subject to production); *Carr v. Double T Diner et al.*, Civil Action No. WMN-10-CV-00230, 2010 WL 3522428, at *2 (D. Md. Sept. 8, 2010) ("In this case, Plaintiff's mental state is at issue for purposes of discovery because" her allegations of suffering serious mental anguish and extreme emotional distress is "germane to the calculation of damages she requested in her complaint.")). Marshall's failure to provide the mental health records for the entire time frame ordered, from July 8, 2009 to present, impedes UMMC's ability to adequately prepare and defend the case. Accordingly, Marshall's refusal constitutes strong evidence of prejudice to UMMC.

There is also a need for deterrence of Marshall's non-compliance, as Marshall's refusal to release the records constitutes a blatant disregard of this Court's discovery Order. *See Mut. Fed. Sav.*, 872 F.2d at 93 ("[S]talling and ignoring the direct orders of the court . . . must obviously be deterred.")). Allowing Marshall to withhold documents, ordered by this Court to be produced, would set an unacceptable precedent for future discovery violations. *See id.* at 92 ("[N]ot only does the noncomplying party jeopardize his or her adversary's case by such indifference, but to ignore such bold challenges to the district court's power would encourage other litigants to flirt with similar misconduct.").

In addition, there is not a more effective, less drastic sanction to address Marshall's non-compliance. UMMC cannot defend against Marshall's claims while Marshall refuses to authorize the production of documents ordered by this Court. Nor should the sanction of preclusion come as a surprise to Marshall, as this Court has clearly explained the consequences of her failure to authorize the release of the records in question. *See* ECF 34, 38. "[T]he Fourth Circuit has . . . emphasized the importance of warning a party prior to dismissing its claim as a discovery sanction." *Camper v. Home Quality Mgmt., Inc.*, 200 F.R.D. 516, 518 (D. Md. 2000) (citing *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995); *Choice Hotels Int'l v.*

7

*Goodwin and Boone*, 11 F.3d 469, 471 (4th Cir. 1993) ("The plaintiff is entitled to be made aware of this drastic consequence of failing to meet the court's conditions at the time the conditions are imposed, when he still has the opportunity to satisfy the conditions and avoid it.")). In the Show Cause Order and the November 15, 2018 Order, this Court advised Marshall of its intent to recommend preclusion of evidence relating to any mental health conditions at trial if she refused to authorize the release of the records. *See* ECF 34 ("Failure to show cause may result in a recommendation to the district judge to preclude [Marshall] from presenting certain categories of damages at trial."); ECF 38 ("If Ms. Marshall refuses to authorize release of these mental health records, I will recommend to Judge Chuang that Ms. Marshall be precluded from presenting evidence relating to any mental health conditions at trial."). Thus, Marshall was on notice that preclusion was a possibility if her conduct continued. *See Bethesda Softworks*, 2011 WL 1559308, at *5 (declining to impose the sanction of preclusion "[g]iven the lack of any clear notice to [sanctioned party] that such sanctions were a possibility if its behavior continued"). While this Court acknowledges that preclusion of evidence relating to Marshall's mental health conditions is a severe sanction, it is not as severe as dismissal of Marshall's case, which is a possible sanction within the discretion of the district court. *See Mut. Fed. Sav.*, 872 F.2d at 92.

Finally, while this Court does not find that Marshall's conduct rises to the level of bad faith, this Court notes that Marshall has repeatedly refused to comply with this Court's Order and has failed to provide good cause for her non-compliance. *See Paice, LLC v. Hyundai Motor Co.*, 2014 WL 3819204, at * 15 (finding that "self-serving and inadequate discovery behavior does not rise to the very high level of 'callous disregard for the authority of the district court and the Rules.'") (quoting *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assoc., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989)). In her response to this Court's Show Cause Order, Marshall argued that the "original

order for the medical records was an excessive request from dates of July 2009 to Present and has placed an undue burden on" her, and that the "Subpoena order and HIPPA [sic] forms seeks inadmissible evidence, private/privileged/confidential information involving another active Worker's Compensation court case with University of Maryland Medical Center." ECF 35-1.

Marshall's arguments lack merit. This Court ordered production of documents that are not only discoverable, but are necessary for UMMC to defend against Marshall's claims. UMMC is entitled to discovery regarding Marshall's medical treatment and mental health records because Marshall placed her mental condition in issue by claiming damages for mental anguish. *See* ECF 19 at 7. Thus, Marshall's argument regarding admissibility is unavailing. Moreover, this Court's Order compelling Marshall to produce her medical records from July 8, 2009 to the present is not excessive or unduly burdensome, because it reflects a limited scope of production based on Marshall's employment with UMMC from September 10, 2009 through April 12, 2017. *See* ECF 1 ¶¶ 7, 10. While Marshall's conduct does not necessarily evince a "callous disregard" for this Court's authority and the Federal Rules, it comes close. In any event, a finding of bad faith is not required to impose the sanction of preclusion in this case, where all three of the other factors weigh heavily in favor of the sanction. *See Victor Stanley*, 269 F.R.D. at 533 ("The harshest sanctions may apply not only when both severe prejudice and bad faith are present, but also when, for example, culpability is minimally present, if there is a considerable showing of prejudice…").

**CONCLUSION**

For the foregoing reasons, I recommend that Marshall be precluded from presenting evidence relating to any mental health conditions at trial. Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: December 12, 2018                              /s/
                                                              Stephanie A. Gallagher
                                                              United States Magistrate Judge