IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| SHEILA MARSHALL | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:17-cv-02779-TDC |
| UNIVERSITY OF MARYLAND MEDICAL CENTER | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S DECEMBER 12, 2018 PROPOSED FINDINGS, CONCLUSIONS, REPORT AND RECOMMENDATIONS TO DISALLOW MEDICAL EVIDENCE AT TRIAL

Plaintiff, Sheila Marshall, by her attorneys, the McCormick Law Firm, LLC, and Corlie McCormick Jr., Esq., pursuant to the Court's December 12, 2018 Report and Recommendations, Fed. R. Civ. P. 72(b), L.R. 301.5.b and for all the reasons stated herein, submits the following Objections to Magistrate Judge Stephanie Gallagher's Report and Recommendations to Disallow Medical Evidence at Trial.

1. On September 19, 2017, Plaintiff filed suit against the Defendant for disability discrimination and retaliation after Defendant terminated her employment and failed to supply reasonable accommodations. (ECF 1.)

2. On November 20, 2017, this Court issued a scheduling order which, *inter alia*, mandated that "fact discovery" be completed by May 25, 2018. The order also determined that "expert discovery shall proceed following the resolution of [a timely summary judgment motion]." (ECF 9 at 1.)

3. On August 6, 2018, this Court granted Defendant's motion to compel in part, requiring Plaintiff to produce to Defendant medical records from July 8, 2018 through present. (ECF 19; ECF 20.)

4. In addition to the records produced prior to August 6, 2018, Plaintiff also produced records to Defendant on August 7, 2018, October 29, 2018, November 14, 2018, and November 21, 2018. Between August 7, 2018 and the date of this memorandum, Plaintiff has produced approximately five hundred pages of medical records to Defendant UMMC including mental health records.

5. Defendant's analysis of Plaintiff's medical records, including mental health records will likely require the assistance of medical experts.

6. Plaintiff believes she has produced all mental health records. Even in the event Ms. Marshall is incorrect, it would be impossible to determine the prejudicial impact to the Defendant of the documents or non-disclosure, if any, without expert discovery.

7. Though Magistrate Judge Gallagher concluded that Ms. Marshall did not comply with the Court's Order or provide good cause for her non-compliance, Magistrate Judge Gallagher did not determine that Ms. Marshall acted in bad faith. (ECF 43 at 8.)

8. Because the prejudicial impact of Plaintiff's disclosures cannot be determined until the parties engage in expert discovery, because Ms. Marshall did not act in bad faith, and because Ms. Marshall provided substantial medical and other records throughout discovery, Plaintiff requests that the Court decline to impose the recommended sanctions.

9. Plaintiff respectfully requests that the Court permit her to proceed without precluding her from presenting evidence on all categories of damages at trial.

Respectfully submitted,
**McCormick Law Firm, LLC**

_____/s/_____

Corlie McCormick Jr.
McCormick Law Firm, LLC
1125 West Street, Ste 200
Annapolis, Maryland 21401
Office: (410) 216-3424
Fax:    (410) 216-5307
E-mail: Corlie@McCormickFirm4Justice.com
Fed. Bar No. 28143
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 26th day of December, 2018, a copy of the foregoing Plaintiff's Objections to Magistrate Judge's December 12, 2018 Proposed Findings Conclusions and Report and Recommendations to Disallow Medical Evidence at Trial was served by CM/ECF on:

Douglas W. Desmaris
Kerstin M. Miller
Smith & Downey, P.A.
320 Towsontown Blvd., Suite 1E
Baltimore, Maryland 21286
Counsel for Defendant

_____/s/_____
Corlie McCormick Jr.