**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **SHEILA M. MARSHALL,** | * | |
| **Plaintiff** | * | |
| **v.** | * | **Case No. 1:17-CV-02779-MJG** |
| **UNIVERSITY OF MARYLAND MEDICAL CENTER** | * | |
| **Defendant** | * | |
| | * | |

* * * * * * * * * * * *

**<u>DEFENDANT'S OPPOSITION TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE REPORT AND RECOMMENDATIONS</u>**

**NOW COMES** Defendant, University of Maryland Medical Center, LLC ("Defendant" or "UMMC"), by and through its undersigned counsel, and hereby submits this opposition to Plaintiff's Objections to Magistrate Judge's December 12, 2018 Report and Recommendations (ECF No. 44)(the "Objection"), and states as follows.

## I. INTRODUCTION

On August 6, 2018, this Court ordered Plaintiff to allow Defendant to access full and complete copies of her medical records from July 8, 2009 to the present. Nearly five months later, and after having been warned numerous times by the Court, Plaintiff continues to block Defendant's access to complete copies of those relevant medical records. Instead, she insists that the Court take her word for it that she "believes" she has provided all of her mental health records (although she admits that she may be incorrect). See ECF No. 44 at 6. As a result of Plaintiff's ongoing refusal to provide Defendant full access to her relevant medical records, the Magistrate Judge has recommended that Plaintiff be precluded from presenting any evidence at trial of her mental health condition.

In her Objection, Plaintiff argues that she should not be subject to sanctions because she claims—without any support—that it would be "impossible to determine the prejudicial impact" of the non-disclosure of medical records without expert testimony.[1] Plaintiff further argues that this case does not warrant sanctions because she "believes" that she has now provided all mental health records. Plaintiff's arguments must be rejected.

First, the prejudicial impact of Plaintiff's failure to produce complete medical records is self-evident and does not require expert testimony, and Defendant has already suffered extreme prejudice through increased attorneys' fees and the long delay caused by Plaintiff's refusal to comply with the Court's orders. Second, Plaintiff cannot in good faith believe that she has produced all relevant medical records because her requests for records—on their very face—failed to comply with the parameters of the Court's orders. Finally, as the Court noted, it was a very close call whether Plaintiff acted in bad faith, and sanctions are still appropriate because the Court found that: (1) Plaintiff's behavior has severely prejudiced Defendant; (2) Plaintiff blatantly disregarded the Court's discovery Order and such behavior must be deterred to prevent misconduct in future cases; and (3) there is not a more effective, less drastic sanction to address Plaintiff's non-compliance. For these reasons, the Court should adopt the Magistrate Judge's Report and Recommendation.

[1] Plaintiff's Objection was somewhat equivocal on the need for a medical expert. On the one hand, Plaintiff stated that it would "be impossible" to determine the prejudicial impact to the Defendant of the non-disclosure, without expert testimony. On the other hand, immediately prior to that statement, Plaintiff suggested that it was only "likely" that Defendant's analysis of Plaintiff's medical records would require the assistance of medical experts. See ECF No. 44 at ¶ 5.

## II. ARGUMENT

**A. Plaintiff's Willful Refusal to Allow Defendant to Access her Full and Complete Medical Records, as Ordered by the Court, has Severely Prejudiced Defendant.**

Plaintiff's willful refusal to allow Defendant to access her full and complete medical records as ordered by the Court has severely prejudiced Defendant and warrants sanctions under Fed. R. Civ. P. 37(b).

1. The Prejudice to Defendant is Self-Evident and Does Not Require Expert Testimony.

Plaintiff's argument that expert discovery is required to demonstrate prejudice is wholly unsupported by applicable law. Indeed, Defendant has not identified a single case in which a court held that the prejudicial impact of non-disclosure of medical records must be determined by a medical expert. (Indeed, it is unclear how an expert could possibly opine on the impact of something that the expert has not reviewed—i.e., documents that have not been produced). Conversely, Defendant has located numerous cases in which courts have held that it was self-evident that a party's refusal to grant full access to medical records that were necessary to support claimed damages severely prejudiced the other party.

For example, in O'Neal v. McHugh, the United States District Court for the District of South Carolina adopted a Magistrate Judge's recommendation that a plaintiff who had failed to produce full medical records should be prevented from introducing any medical evidence to support her claim for damages arising out of alleged harassment. Case No. 3:12-733-CMC-SVH (D. S.C. August 6, 2014), adopting recommendation of Magistrate, U.S. Dist. LEXIS 108305, (D. S.C. July 11, 2014). As in this case, the O'Neal plaintiff refused to comply with the court's order to provide medical records over a stated period of time, and instead unilaterally limited her requests for medical records for a shorter period of time than that ordered by the court. Id. at *8,

*11. The court determined that defendant "has suffered severe prejudice as a result of Plaintiff's failures because [defendant] has not had an opportunity to assess whether Plaintiff's claimed damages were caused by the alleged harassment . . . ." Id. The court further determined that sanctions should be awarded because "if litigants are allowed to pick and choose which discovery requests to answer, the judicial system loses its integrity." Id.

Similarly, in Alexander v. Glut Food, Inc., Case No. AW-10-955 (D. Md. June 11, 2012), this court sanctioned a plaintiff's blatant refusal to produce medical records. See ECF No. 102. The court determined that sanctions were proper because the plaintiff's "refusal to produce her medical records stands in blatant disregard of a court order" and her medical records were relevant to her claims. Accordingly, the court approved the sanction of dismissing Plaintiff's racial harassment claim and precluding her from recovering any compensatory damages. See id. at p. 4.

Like in Alexander, Plaintiff in this case has blatantly disregarded a court order to provide medical records; those records are directly related to Plaintiff's claims of emotional distress; and Defendant has been prejudiced as a result of Plaintiff's violations. Accordingly, the recommended sanctions against Ms. Marshall should be imposed by this court. (Incidentally, the requested sanctions in this case are less severe than those sanctions imposed in Alexander).

For the reasons stated above, the prejudice to Defendant arising out of Plaintiff's refusal to provide full access to her medical records is self-evident and does not require the testimony of a medical expert.

2. Defendant Has Also Suffered Severe Prejudice in the Form of Increased Attorneys' Fees and the Long Delay of Justice in this Case.

Not only will Defendant suffer severe prejudice if it is forced to defend against Plaintiff's claim to emotional distress damages without full and complete copies of her medical records, but

it has already suffered severe prejudice as a result of Plaintiff's discovery violations in the form of increased attorneys' fees and the long delay of justice in this case. Defendant is a medical center whose mission is to deliver superior health care to the community. Each time Plaintiff has disregarded this Court's orders – something that has occurred repeatedly - Defendant has been forced to needlessly incur additional costs to respond.[2] Plaintiff's flagrant disregard of orders of this Court continues to tax the resources of Defendant in a manner that is contrary to public interest, contrary to judicial efficiency and contrary to the fundamental fairness that Defendant deserves as a party to a lawsuit that was initiated by Plaintiff.

This kind of prejudicial impact is well-recognized by the courts when considering whether to sanction a party for discovery violations. See Pisani v. Balt. City Police Dep't, 2014 U.S. Dist. LEXIS 48792, *10 (D. Md. April 8, 2014) (imposing sanctions and noting that in addition to the prejudice that would be caused by forcing defendant to proceed without full discovery, the plaintiff's "noncompliance with the rules and orders of this Court has prompted [defendant] to prepare and file a motion to compel and the instant Motion for Sanctions" and defendant "has also suffered prejudice in the form of added expenses, aggravation, and delay.") Like the defendant in Pissani, UMMC was forced to incur significant attorneys' fees to file numerous motions addressing Plaintiff's discovery failures; and has also been prejudiced by the ongoing long delay of this case caused by Plaintiff's violations of the court's orders.

Accordingly, for the reasons stated above, the prejudice to Defendant is self-evident and severe, and fully supports the imposition of sanctions in this case.

[2] See, e.g., UMMC Correspondence (ECF No. 28), Telephone Conference re: discovery issues (9/19/18), UMMC Status Report (ECF No. 33), UMMC Status Report (ECF No. 37), UMMC Reply (ECF No. 41).

**B. The Court Should Not Excuse Plaintiff's Discovery Violations Based on her Unfounded "Belief" that she has Provided all Mental Health Records.**

Moreover, the Court should not excuse Plaintiff's discovery violations based on her unfounded "belief" that she has now provided all mental health records. First, Plaintiff readily admits that she may be mistaken in this belief. See ECF No.44 ¶ 5. Second, Plaintiff cannot in good faith believe that she has produced all relevant medical records because her requests for records—on their very face—failed to comply with the parameters of the Court's orders. For example, Plaintiff's request for records from UM Rehab a/k/a Kernan strictly limited her document request from August 2014 to May 2016, and her request for records from Mercy Health Services strictly limited her document request from August 1, 2016 to September 11, 2018, in direct violation of the Court's order that Plaintiff provide all records from July 8, 2009 to the present. See Exhibit 1. Plaintiff's requests for records from other medical providers similarly restricted her document requests in a manner that did not comport with the Court's order to provide all medical records from July 2009 to the present (for example, by crossing out certain types of record requests). See id.

Simply stated, given Plaintiff's unilateral decision to place improper parameters on her requests for records, and her refusal to sign a HIPAA release, Defendant has no way of knowing whether Plaintiff's supplemental document production provided all of the relevant records in accordance with the Court's orders. As the O'Neal Court determined in nearly identical circumstances, it is not appropriate for a plaintiff to unilaterally narrow requests for medical records, and then claim that she has "substantially" complied with the court's order to provide medical records. Such behavior leaves Defendant vulnerable to missing evidence, and constitutes a blatant disregard for the Court's orders. The consequences for Plaintiff's flagrant

disregard for orders of this Court should be the sanctions recommended by the Magistrate Judge in her Report and Recommendation.

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court adopt the Magistrate Judge's recommendation and preclude Ms. Marshall from presenting evidence relating to any mental health conditions at trial.

Dated: January 8, 2018

Respectfully submitted,

_____________/s/_____________________

Douglas W. Desmarais (Bar #5180)
Kerstin M. Miller (Bar #29736)
SMITH & DOWNEY, P.A.
320 E. Towsontown Blvd, Suite 1E
Baltimore, MD 21286
ddesmarais@smithdowney.com
(410) 321-9000 (Main)
(410) 321-9348 (Direct)
(410) 321-6270 (Fax)

*Counsel for Defendant University of Maryland Medical Center, LLC*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 8th day of January, 2019, a copy of the foregoing Opposition to Plaintiff's Objections was served via electronic filing ECF on:

Corlie McCormick Jr., Esq.
McCormick Law Firm, LLC
1125 West Street, Suite 200
Annapolis, Maryland 21401
corlie@mccormickfirm4justice.com

*Attorney for Plaintiff*

/s/
Kerstin Miller (Bar #2973)