**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| SHEILA M. MARSHALL,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF MARYLAND MEDICAL CENTER,<br><br>Defendant. | Civil Action No. TDC-17-2779 |

**ORDER**

On December 12, 2018, United States Magistrate Judge Stephanie A. Gallagher filed a Report and Recommendation in which she recommended that this Court preclude Plaintiff Sheila M. Marshall from presenting evidence at trial relating to mental health conditions as a result of Marshall's failure to produce her complete mental health records to Defendant University of Maryland Medical Center ("UMMC"). ECF No. 43. Marshall filed an Objection to the Report and Recommendation on December 26, 2018. ECF No. 44. Marshall's basis for her Objection is her assertion that (1) she has produced approximately 500 pages of medical records, some of which are mental health records, (2) she believes she has produced all of her mental health records, and (3) even if some records have not been produced, the prejudice to UMMC cannot be discerned without expert testimony. *See* Obj. ¶¶ 4-6.

A District Judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed R. Civ. P. 72(a). Here, the disputes are on non-dispositive matters, and Marshall objections were timely filed, so the Court applies the Rule 72(a) standard. *See id.* (stating that a party has 14 days from issuance of a report and

recommendation to file objections). Under *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926 (7th Cir. 1997), "[a] district court can overturn the magistrate's judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Id.* at 943. This standard is intentionally high because a lower standard would defeat the efficiency gains made from referring non-dispositive issues to a Magistrate Judge. As another Judge in this District has said in *Berman v. Congr. Towers L.P.*, 325 F. Supp. 2d 590 (D. Md. 2004), "[i]t is not the function of objections to discovery rulings to allow wholesale re-litigation of issues resolved by the magistrate judge." *Id.* at 592 (Chasanow, J.).

Here, the Court is not left with a definite and firm conviction that a mistake has been made. Judge Gallagher's opinion is thorough and logical, and was issued only after extensive litigation by the parties. Further, Marshall's Objections fail to address a key point in Judge Gallagher's determination: Marshall's repeated failure to sign the Health Insurance Portability and Accountability Act ("HIPPA") release forms necessary for UMMC to obtain her mental health records, despite a court order to do so. *See* Rep. and Recommendation at 3-4. Marshall's present bare assertion that she believes she has turned over all relevant records does not address this issue, which is one the Court takes seriously, as did Judge Gallagher. *See* Rep. and Recommendation at 7, 9. Nor does the Court find any merit in Marshall's assertion that prejudice to UMMC because of her non-compliance is impossible to discern without expert discovery. Marshall provides no details of how expert testimony would illuminate this issue, nor is the Court persuaded that prejudice in this matter is a particularly complex question. UMMC is without documents directly related to one of Marshall's claims of injury, and thus, as Judge Gallagher rightly determined, *see* Rep. at Recommendation at 7, simply cannot adequately defend against that claim.

Accordingly, it is hereby ORDERED that:

1. Marshall's Objections to Report and Recommendation, ECF No. 44, is OVERRULED.
2. Judge Gallagher's Report and Recommendation, ECF No. 43, is ADOPTED as an Order of the Court.
3. Marshall is therefore PRECLUDED from presenting at trial any evidence relating to her mental health conditions.

Date: March 14, 2019

THEODORE D. CHUANG
United States District Judge